JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
David Zelenski (SBN 231768)
Nam H. Le (SBN 260752)
114 North Brand Boulevard, Suite 200
Glendale, California 91203
michael@jlglawyers.com
david@jlglawyers.com
nam@jlglawyers.com
Telephone:  (818) 630-7280
Facsimile:  (888) 879-1697

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HAIG KELEDJIAN, as TRUSTEE for the AMIRIAN EDUCATIONAL TRUST and as REPRESENTATIVE of the BENEFICIARIES of the AMIRIAN EDUCATIONAL TRUST, the REAL PARTIES and SUCCESSORS IN INTEREST OF SEBOUH AMIRIAN, now deceased,<br><br>                    Plaintiff,<br><br>          v.<br><br>NATIONSTAR MORTGAGE, LLC, a limited liability corporation, NBS DEFAULT SERVICES, LLC, a limited liability company, and DOES 1 through 50,<br><br>                    Defendants. | Case No. 2:15-cv-01281-SJO-AS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT NATIONSTAR'S MOTION TO DISMISS<br><br>*Assigned to Hon. S. James Otero*<br><br>Date:  April 13, 2015<br>Time:  10:00 a.m.<br>Courtroom:  1 |

*Table of Contents*

I.      Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Factual Background  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        1.      Plaintiff May Bring Claims Under the HBOR on Behalf of Original
                Borrower Sebouh Amirian as Executor of the Estate of Sebouh
                Amirian . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        2.      Even if Plaintiff Were Statutorily Ineligible to Assert HBOR
                Claims, Plaintiff Has Standing Under the Equitable Estoppel
                Doctrine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        3.      Nationstar's Cal. Civ. Code §2923.6(g) Preclusion Argument
                Relies on Document Not Subject to Judicial Notice. . . . . . . . . . . . . . . . . 7

IV.     Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1

### *Table of Authorities*

2

*Cases*

3

Duty v. Norton-Alcoa Propppants
   293 F.3d 481 (8th Cir. 2002) ................................................................6

4

5

Jepersen v. Harrah's Operating Co, Inc.
   444 F.3d 1104 (9th Cir. 2006) .............................................................7

6

7

Kosakow v. New Rochelle Radiology Assocs. P.C.
   274 F.3d 706 (2d Cir. 2001)................................................................6

8

9

Minard v. ITC Deltacom Commc'ns, Inc.
   447 F.3d 352 (5th Cir. 2006) ...............................................................6

10

11

Pit River Home and Agr. Co-op Ass'n v. U.S.
   30 F.3d 1088 (9th Cir. 1994) ...............................................................7

12

13

Reaux v. Infohealth Management Corp.
   No. 08-C-5068, 2009 BL 48247 (N.D. Ill. Mar. 10, 2009) ................6

14

Salgado-Diaz v. Gonzales
   395 F.3d 1158 (9th Cir. 2005) .............................................................5

15

16

*Statutes*

17

Cal. Civ. Code § 2920.5................................................................................4

18

19

*Rules and Regulations*

20

Cal. Evid. Code § 623 ..................................................................................5

21

Fed. R. Civ. Proc. 17....................................................................................4

22

23

Fed. R. Evid. 201(b) .....................................................................................7

24

Fed. R. Evid. 901(a) .....................................................................................7

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Introduction.

In this action, Plaintiff Haig Keledjian, as Trustee for the Amirian Educational Trust, and as Representative of the Beneficiaries of the Amirian Educational Trust, the Successors in Interest of Sebouh Amirian ("Plaintiff") filed a Complaint alleging inter alia, that (i) Defendants violated the California Homeowner's Bill of Rights ("HBOR") under California Civil Code (Cal. Civ. Code) section 2923.6 by improperly proceeding with a dual-tracking the foreclosure action while a loan modification was still pending,  (ii) Plaintiff is entitled to injunctive relief under Cal. Civ. Code section 2924.12; and (iii) Defendants engaged in unfair competition within the meaning of California Business and Professions Code section 17200 et seq.

Specifically, the Complaint alleges that Defendants, including Nationstar Mortgage, LLC ("Nationstar"), initiated foreclosure proceedings against Plaintiff by improperly causing a Notice of Default to be recorded against Plaintiff's real property located at 5602 Bramblewood Road, La Canada Flintridge, California 91011 (the "Subject Property").  Under the HBOR, mortgage servicers are prevented from taking any actions, including the filing of a Notice of Default, until the mortgage servicer has made a final, written decision on a loan modification application or appeal, and at least 31-days have passed from the date of the written denial.  Cal. Civ. Code §2923.6(c) and § 2923.6(e)(1).

Nationstar now brings a motion to dismiss Plaintiff's causes of action for failure to state a claim against Nationstar upon which relief may be granted. The Court should deny Nationstar's motion to dismiss.  Plaintiff has standing because Plaintiff may bring claims under the HBOR on behalf of the original borrower, Sebouh Amirian, as executor of the estate of Sebouh Amirian.  Furthermore, even if Plaintiff were statutorily ineligible to assert claims under the HBOR, Plaintiff would still have standing under the equitable estoppel doctrine.

## II.  Factual Background

In or around 2004, Mr. Sebouh Amirian purchased the Subject Property and financed the Subject Property through a mortgage secured by a Deed of Trust with Security Pacific Home Loan. (Compl. ¶ 10.)  Mr. Amirian transferred the Subject Property to the Amirian Educational Trust of December 28,

1998 (the "Trust") in or around November 22, 2004.  (Compl. ¶ 11.)  Plaintiff is the Trustee for the Trust and is given broad authority to manage the assets of the trust, including but not limited to, the authority to sell, convey, manage, and encumber the trust assets, as well as authority to commence or defend litigation relating to any trust assets and property.  (Compl. ¶ 12.)  As the Trustee, Plaintiff represents Plaintiff's children, G Gregory Keledjian, Serena Keledjian and Alexander Keledjian, the real parties and successors in interests of the Trust.  (Keledjian Decl. ¶ 6.)  Mr. Amirian was Plaintiff's father-in-law.  (Keledjian Decl. ¶ 3.)

Since the date of purchase, the Subject Property has been occupied by Mr. Amirian, Plaintiff, his spouse, and their family as their principal family residence. (Compl. ¶ 13.)  Mr. Amirian passed away in 2013.  During this time, the Subject Property began to accrue arrears as the mortgage payments had been delayed.  (Compl. ¶ 14.)  In or around September 2013, after Mr. Amirian's passing, Plaintiff contacted Bank of America, N.A. ("Bank of America") which serviced the loan at the time, in order to apply for a loan modification on the Subject Property.  Plaintiff  was informed by Bank of America's agents that the arrears on the loan were approximately $85,000.00 and that, in order to be considered for a loan modification, Plaintiff would be required to reduce the arrears by making a payment of at least $50,000.00.  (Compl. ¶ 14-15.)  On or around September 19, 2013, Plaintiff sent Bank of America a check in the amount of $50,000.00 as instructed.  Bank of America accepted and cashed the funds from Plaintiff's check. (Compl. ¶ 16.)  Plaintiff also sent a second check in the amount of $6,511.64 for the mortgage payment due for the following month.  Bank of America accepted the check and applied it towards the Subject Property's mortgage payment. (Compl. ¶ 17.)

Plaintiff contacted Bank of America in or around January 2014 to inquire about applying  for a loan modification and learned at this time that the mortgage had been transferred to Nationstar. (Compl. ¶ 18.)  In or around January 2014, Plaintiff contacted Defendant Nationstar who provided a loan modification application telephonically, which Plaintiff completed and submitted.  Nationstar confirmed to Plaintiff that the loan modification application was completed in full and was pending a decision. (Compl. ¶ 19.)

In or around mid-February 2014, Plaintiff received a notice dated February 4, 2014 (the "Notice") stating that Nationstar had denied his loan modification application due to equity in the

Subject Property. (Compl. ¶ 20.) Nationstar instructed Plaintiff that, if he wished to appeal this denial, Plaintiff would need to submit a written request, supporting documents, and payment to complete a formal appraisal of the Subject Property. (Compl. ¶ 20.) The Notice further stated that "[t] he estimated cost of an appraisal in your community is $350.00. If you wish to exercise this option, we must, within 30 calendar days of this notice, receive a written request that includes your estimate of the property value and a reasonable basis for that estimate, along with any other input values you wish to dispute, and a check for $200 as a deposit against the full cost of the appraisal." (Compl. ¶ 20.) The Notice stated that Nationstar would notify Plaintiff of whether an appraisal would be ordered. If an appraisal is not ordered, the $200 will be applied to Plaintiff's account. The notice further indicated that "[no] foreclosure sale will be conducted and you will not lose your home during this 30-day period (or any longer period required for us to review supplemental material you may have provided in this Notice.)" (Compl. ¶ 20.)

In or around March 3, 2014, within 30-days of the Notice, Plaintiff exercised his options in writing and applied for an appeal of the loan modification denial. (Compl. ¶ 21.) As part of the appeal process, Plaintiff provided Nationstar with a check in the amount of $200.00 towards the appraisal costs and additional supporting documentation of the Subject Property's equity. (Compl. ¶ 21.) Plaintiff was informed and believed that no "foreclosure sale will be conducted" during the "period required for [Nationstar] to review the supplemental materials" as specified by the Notice. (Compl. ¶ 21.)

After submitting the required documents, Plaintiff waited for a determination from Nationstar. (Compl. ¶ 23.) Despite following up with Nationstar, Plaintiff did not receive any indication that the loan modification appeal had been denied. (Compl. ¶ 23.) Plaintiff did not receive any written notices that the loan modification appeal had been denied. (Compl. ¶ 23.) Throughout this period, Nationstar made no requests for any additional documentation from Plaintiff and did not inform Plaintiff that the appeal was incomplete or insufficient. (Compl. ¶ 23.)

On or around October 21, 2014, while the loan modification appeal was still pending, Nationstar through Defendant NBS, caused a Notice of Default to be recorded against on the Subject Property and improperly commenced foreclosure proceedings against the Subject Property. (Compl. ¶ 24.) Plaintiff did not receive any notification that the appeal had been denied. (Compl. ¶ 24.)

1    In or around December 2014, Plaintiff again contacted Nationstar for status on the loan

2    modification appeal.  (Compl. ¶ 25.)  Although the Notice of Default was already recorded, Nationstar's

3    agents still informed Plaintiff to wait for a decision letter that would be mailed out shortly thereafter

4    with its decision the appeal.  (Compl. ¶ 25.)  Plaintiff never received a written notice or decision from

5    Nationstar who, instead, only returned the $200.00 appraisal check to Plaintiff.  (Compl. ¶ 25.)

6    Plaintiff received at least three financial statements from Nationstar, addressed to the "Estate of

7    Sebouh Amirian," dated November 2014, December 2014, and January 2015 which documented

8    Nationstar's receipt and handling of the $200.00 appraisal check.  (*See Notice of Pleadings Filed*,

9    Docket No. 4 at pg 190.)

10   **III.    Argument.**

11   **1.    Plaintiff May Bring Claims Under the HBOR on Behalf of Original Borrower Sebouh**

12   **Amirian as Executor of the Estate of Sebouh Amirian**

13   Under the HBOR, a borrower is defined as "any natural person who is a mortgagor or trustor and

14   who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative

15   program offered by, or through, his or her mortgage servicer."  Cal. Civ. Code § 2920.5.  Thus, Mr.

16   Sebouh Amirian would qualify as a "borrower" and could bring a claim under the HBOR as the original

17   mortgager eligible for Nationstar's loan modification program.  In its motion to dismiss, Nationstar

18   argues that because Plaintiff, and not Mr. Amirian, brought claims against Nationstar, Plaintiff's causes

19   of action should be dismissed because Plaintiff is not a "borrower" under Cal. Civ. Code § 2920.5.

20   An estate or a trust is not a legal entity, therefore, it does not have the capacity or standing to sue.

21   Rather, title to the estate and trust assets, are held by the executor, administrator, or trustee, on behalf of

22   the beneficiaries.  An executor may sue in their own names without joining the person for whose benefit

23   the action is brought.  See Fed. R. Civ. P. 17(1).

24   Here, the mortgagor to the original Deed of Trust was Mr. Amirian.  As indicated on its own

25   documents, Nationstar has corresponded with Plaintiff regarding the loan modification application in

26   Plaintiff's capacity as a representative of the "Estate of Sebouh Amirian."  Plaintiff is the trustee of the

27   Trust, and became the executor of Mr. Amirian's estate after his passing.  Consequently, Plaintiff has the

28   right to bring a suit on behalf of Mr. Amirian's estate.  The authority presented by Nationstar does not

contemplate wherein the original borrower subsequently becomes deceased, and Nationstar does not address Plaintiff's fiduciary right to bring a HBOR claim on behalf of the estate of Mr. Amirian.

**2.** ***Even if Plaintiff Were Statutorily Ineligible to Assert HBOR Claims, Plaintiff Has Standing Under the Equitable Estoppel Doctrine***

At all times in this case, Nationstar and its predecessors in interest have, by their statements and conduct, led Plaintiff to believe that he was a borrower for the purposes of considering him for a loan modification. Relying on these statements and conduct, Plaintiff sent a $50,000.00 check in the amount of $50,000 on September 19, 2015 to qualify for a loan modification. Since January 2014, when Plaintiff submitted his intitial loan modification application to Nationstar, Nationstar has treated Plaintiff as a borrower eligible for a loan modification. Nationstar accepted, reviewed, and denied Plaintiff's loan modification. Nationstar further notified Plaintiff in writing that Plaintiff had the ability to appeal his denial, and instructed him to submit a written request, supporting documents, and payment to complete a formal appraisal of the Subject Property. The Notice evidenced an attempt by Nationstar to comply with the provisions of the HBOR, by indicating that "[no] foreclosure sale will be conducted and you will not lose your home during this 30-day period (or any longer period required for us to review supplemental material you may have provided in this Notice.)" Plaintiff complied with Nationstar's appeal requirements and provided Nationstar with a check in the amount of $200 to complete the appeal.

The general doctrine of equitable estoppel has been codified in California Evidence Code section 623: "Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it." Cal. Evid. Code § 623. Similarly, the 9th Circuit has applied equitable estopppel upon a showing that its traditional elements are met: (1) the party estopped knows the facts; (2) the party [to be estopped] intends that his or her conduct will be acted on; (3) the claimant must be ignorant of the true facts; and (4) the claimant must detrimentally rely on the other party's conduct. *Salgado-Diaz v. Gonzales,* 395 F.3d 1158, 1166 (9th Cir. 2005).

Other federal circuit courts have accepted equitable estoppel arguments to allow plaintiffs to assert claims despite facial statutory ineligibility. One example of this is in the context of extending Family Medical Leave Act ("FMLA") protections to otherwise ineligible employees. For instance, in

*Reaux v. Infohealth Mangement Corp.*, Reaux, the plaintiff, requested FMLA leave for the impending birth of a child.  Although the Reaux conceded that she was statutorily ineligible for FMLA leave due to her workplace having fewer than 50 employees within 75 miles, Reaux alleged that the defendant, her employer, told her she would be eligible for FMLA leave if she filled out the proper paperwork.  Reaux took her leave and was subsequently terminated.  Reaux filed a complaint, and defendant filed a motion to dismiss, citing Reaux's ineligibility under the FMLA.  The Court denied the defendant's motion to dismiss, finding that Reaux had properly pled the requirements for asserting equitable stoppel – a misrepresentation by the employer, reasonable reliance on the misrepresentation, and detriment caused by such reliance.  *See Reaux v. Infohealth Management Corp.,* No. 08-C-5068, 2009 BL 48247 (N.D. Ill. Mar. 10, 2009).  The Second, Fifth, and Eighth Circuits have all explicitly accepted equitable estoppel arguments to prevent employers from asserting an employee's statutory ineligibility to defend FMLA claims.  *See, e.g., Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706* (2d Cir. 2001)*; Minard v. ITC Deltacom Commc'ns, Inc.,* 447 F.3d 352 (5th Cir. 2006)*; Duty v. Norton-Alcoa Proppants,* 293 F.3d 481 (8th Cir. 2002).

In our case, Nationstar knew that Mr. Amirian was the original borrower and that he was deceased.  Yet Nationstar reviewed and processed Plaintiff's loan modification application, treating either or both Plaintiff and the "Estate of Sebouh Amirian" as a borrower.  Nationstar led Plaintiff to believe that no foreclosure would be pursued and that Plaintiff would be protected by the HBOR while Nationstar reviewed Plaintiff's appeal.  Plaintiff relied on this to his detriment, and Nationstar went forward with foreclosure proceedings regardless.  Even if the Court finds that Plaintiff would be otherwise statutorily ineligible to bring his claim, Plaintiff should be allowed to assert equitable estoppel on these facts in order to prevent injustice and effectuate the intent of legislature to protect homeowners and families.[1]  Furthermore, to the extent that Nationstar and other mortgage servicers have a common

---

[1]  On February 9, 2015, a bill to amend the statutory definition of "borrower" was introduced in the California Legislature, which if ultimately enacted would clarify the definition to include the "successor in interest to the mortgagor or trustor following the death for the mortgagor or trustor," and defines "successor in interest" as a "natural person who provides the mortgage servicer with notification of the death of the mortgagor or trustor and reasonable documentation showing that the person … [t]he personal representative … of the mortgagor's or trustor's estate."  *See Assemb. B.* 244, 2015-2016 Reg. Sess. (Cal. 2015).  Although not yet enacted, this bill evidences the intent of legislature to afford HBOR protections and claims to representatives of a mortgagor's estate in so-called "widows and orphans" scenarios.

1  practice of considering representatives of the estates of deceased borrowers for foreclosure alternatives

2  and misrepresenting protections afforded to them, the availability of an equitable estoppel argument

3  becomes more salient.  Finally, it is worth noting that the equitable estoppel argument was not argued by

4  plaintiffs in any of the cases cited by Nationstar.

5       On February 13, 2015, and prior to removal of the case to this district, the state trial court

6  accepted Plaintiff's equitable estoppel argument and granted Plaintiff's application for a temporary

7  restraining order prohibiting and enjoining Nationstar from further conducting further foreclosure

8  procedures on the Subject Property.  (*See Notice of Pleadings Filed*, Docket No. 4 at pg 169.)  Although

9  the Court is not bound by this decision, the Court has discretion to apply the law of the case doctrine and

10  allow Plaintiff to assert the equitable estoppel argument in order to maintain consistency and avoid

11  reconsideration.  *See Pit River Home and Agr. Co-op Ass'n v. U.S.,* 30 F.3d 1088 (9th Cir. 1994).

12       **3.      *Nationstar's Cal. Civ. Code §2923.6(g) Preclusion Argument Relies on Document Not***

13            ***Subject to Judicial Notice.***

14       Nationstar argues that Plaintiff's claims are precluded by the fact that Mr. Amirian was

15  previously considered and afforded a loan modification pursuant to Cal. Civ. Code § 2923.6(g).  To

16  establish this argument, Nationstar asks the Court to take judicial notice of a purported loan modification

17  agreement identified as RJN, Exhibit "6."

18       The Federal Rules of Evidence state that "[a] court may judicially notice a fact that is not subject

19  to reasonable dispute [if] it:  (1) is generally known within the trial court's territorial jurisdiction; or (2)

20  can be accurately determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

21  Evid. 201(b).  The touchstone for judicial notice is that the fact be capable of independent verification *as*

22  *indisputably true.  See, e.g., Jespersen v. Harrah's Operating Co., Inc., 444 F.3d 1104, 1110* (9th Cir.

23  2006) (explaining that judicial notice requires a "'high degree of indisputability'") (quoting Fed. R.

24  Evid. 201 advisory committee notes).  Furthermore, a necessary—and elementary—first step, in other

25  words, is that any evidence demonstrating a fact must be properly authenticated.  <u>See</u> Fed. R. Evid.

26  901(a) (setting forth "the requirement of authenticating or identifying an item of evidence").

27       RJN, Exhibit "6" has not been authenticated, is not generally known within the court's

28  jurisdiction, and cannot be accurately determined from sources whose accuracy cannot reasonably be

questioned.  Consequently, it not subject to judicial notice and Nationstar's preclusion argument fails for lack of support.

**IV.     Conclusion.**

        For the foregoing reasons, Nationstar's motion to dismiss for failure to state a claim premised upon Plaintiff's lack of standing should be denied.  However, should the Court be grant Nationstar's motion to dismiss, Plaintiff respectfully requests that the Court also grant Plaintiff leave to amend the Complaint to more clearly allege his equitable estoppel argument and his capacity to bring his claim on behalf of the estate of Mr. Amirian.


Dated:  March 30, 2015                                          JAURIGUE LAW GROUP

                                                                              /s/ *Nam H. Le*
                                                                        Michael J. Jaurigue
                                                                        David Zelenski
                                                                        Nam H. Le
                                                                        *Attorneys for Plaintiff*

1

***PROOF OF SERVICE***

2

I am employed in the County of Los Angeles; I am over the age of eighteen years and am not a
party to the within action; and my business address is 114 North Brand Boulevard, Suite 200,

3

Glendale, California 91203.

4

On **March 31, 2015**, I served the document(s) described as **MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO DEFENDANT NATIONSTAR'S MOTION TO**

5

**DISMISS** on the party (or parties) in this action by delivering a true copy (or copies) addressed as
follows:

6

7

        NBS Default Services, LLC
        c/o Buckley Madole P.C.
        301 E. Ocean Drive, Suite #1720

8

        Long Beach, California 90802

9

        Nationstar Mortgage, LLC
        c/o Green and Hall APC

10

        1851 East First Street 10th Floor
        Santa Ana, CA 92705

11

12

XXX   **BY U.S. MAIL:** I am readily familiar with the firm's practice of collection and processing

13

        correspondence for mailing. Under that practice, an envelope (or envelopes) containing
        the document(s) would be deposited with the U.S. Postal Service on that same day, with

14

        postage thereon fully prepaid, at Glendale, California in the ordinary course of business. I
        am aware that, on motion of the party served, service is presumed invalid if the postal-

15

        cancellation date or postage-meter date is more than one day after the date of deposit for
        mailing.

16

☐     **BY OVERNIGHT DELIVERY**: I enclosed the document(s) in an envelope (or

17

        envelopes) or package (or packages) provided by an overnight-delivery carrier and
        addressed to the person(s) at the address(es) above. I placed the envelope(s) or package(s)

18

        for collection and overnight delivery at an office or a regularly utilized drop-box of the
        overnight-delivery carrier.

19

☐     **BY HAND DELIVERY:** I caused an envelope (or envelopes) containing the document(s)

20

        to be delivered by hand to the office(s) of the addressee(s).

21

I declare under penalty of perjury under the laws of the State of California and the United States
that the foregoing is true and correct. Executed on **March 31, 2015**, at Glendale, California.

22

23

24

                          Cynthia Montanez

25

26

27

28

NOTICE OF LIS PENDENS AND NOTICE OF PENDENCY OF ACTION